**LANCASHIRE HALL NURSING & REHABILITATION CENTER, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 2010.

Decided May 27, 2010.

Brandon S. Williams, Harrisburg, for petitioner.

Lisa B. Dees, Asst. Counsel and Allen C. Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge McGINLEY.

Lancashire Hall Nursing and Rehabilitation Center (Lancashire) petitions for review from the Final Administrative Action Order of the Commonwealth of Pennsylvania, Department of Public Welfare, Bureau of Hearings and Appeals (BHA) which affirmed the Administrative Law Judge's (ALJ) decision to impose a 415 day penalty period of Long Term Care (LTC) benefit ineligibility because of the transfer of $98,763.85 of Charles Sherr's (Sherr) resources for less than fair market value (FMV).

The facts, as found by the hearing officer, are as follows:

1. Appellant, Charles Sherr, entered Lancashire Hall nursing facility in Lancaster, PA on July 2, 2008.

2. Dora Sherr is the community spouse of Charles Sherr.

3. Appellant [Sherr] and his spouse were estranged at the time of his placement in the nursing facility.

4. Neighborhood Services of Lancaster, Inc. is the guardian of Appellant [Sherr] because he was found to be a totally incapacitated person on June 13, 2008.

5. Neighborhood Services of Lancaster, Inc., on behalf of Appellant [Sherr], applied for LTC benefits through the Lancaster County Assistance Office (CAO) on July 23, 2008.

6. The Lancaster CAO determined that Appellant's [Sherr] total resources, including Mrs. Sherr's resources, were $207,488.47....

7. Mrs. Sherr owned $207,202.86 of the total resources as the result of an inheritance....

8. The Lancaster CAO allocated $103,744.23 of Appellant's [Sherr] total resources to Mrs. Sherr as the community spouse protected share of resources.

9. Sherr's $103,744.23 share of the resources placed him $95,744.23 over the LTC resource limit of $8,000.

10. Dora Sherr purchased an annuity for herself, using Sherr's share of the resources, in the amount of $98,763.85 on August 27, 2009....

11. The annuity purchased by Dora Sherr on August 27, 2009 did not name the Commonwealth of PA as the remainder beneficiary.

12. Mrs. Sherr's purchase of the annuity reduced Sherr's resource share below the LTC resource limit of $8,000.

13. The Lancaster CAO treated Mrs. Sherr's annuity purchase as a disposal of an asset for less than FMV, per the Deficit Reduction Act of 2005, because the annuity did not name the Commonwealth of PA as the remainder beneficiary.

14. The Lancaster CAO informed Appellant's [Sherr] guardian, via several PA 162 notices, on February 18, 2009 that he was ineligible for payment of LTC benefits from August 27, 2008 to October 15, 2009 (415 days) because of the transfer of $98,763.85 for less than FMV.

15. Appellant's [Sherr] guardian filed an appeal of the 415 day penalty period of LTC benefit ineligibility on March 3, 2009.

16. A hardship waiver request of the LTC benefit penalty period was

filed with DPW on behalf of the Appellant [Sherr] in March 2009.

17. The Lancaster CAO provided credible testimony at the hearing.

Adjudication, July 24, 2009 (Adjudication), Findings of Fact (F.F.) Nos. 1–17 at 2–3.

The hearing officer denied Sherr's appeal and determined:

The Lancaster CAO stated that Mrs. Sherr's purchase of the $98,763.58 annuity had to be treated as a transfer of resources for less than FMV because of the provisions of the DRA. The CAO arrived at the 415 day LTC benefit penalty period by dividing the $98,763.58 by $237.89, which is the average daily rate of LTC services. The CAO said that DPW had not yet responded to Appellant's request for a hardship waiver of the 415 day penalty period.

. . . .

Appellant's community spouse, although having the resources to pay for Appellant's long term care, decided, for reasons known only to her, to purchase a $98,763.58 annuity for her benefit using Appellant's share of the total resources. Section 6012(a) of the Deficit Reduction Act of 2005(DRA), also known as Public Law 109–171, addressed the ownership of an annuity and the application for LTC benefits by amending Section 1917 of the Social Security Act (42 U.S.C. 1396p). Section 1917 of the Social Security Act now includes subsection (e)(1), which provides in part:

. . . the application of the individual for such assistance . . . shall disclose a description of any interest the individual or community spouse has in an annuity . . . Section 6012(b) of the DRA amended Section 1917(c)(1) of the Social Security Act by adding the following subsection, which states in part:

(F) For purposes of this paragraph, the purchase of an annuity shall be treated as the disposal of an asset for less than fair market value unless—

(i) the State is named as the remainder beneficiary . . .

The clear language of the DRA provides for the treatment of an annuity purchase as a disposal of an asset/resource for less than FMV unless 'the State is named as the remainder beneficiary.' Dora Sherr, the community spouse, purchased an annuity for $98,763.85 and did not designate the Commonwealth of PA as the remainder beneficiary. The Lancaster CAO properly imposed a 415 day penalty period of LTC benefit ineligibility because of the transfer of $98,763.85 of Sherr's resources for less than FMV. Accordingly, this appeal is denied.

Adjudication at 4.

By Order dated August 5, 2009, BHA affirmed the ALJ.

■ Essentially, Lancashire contends that the BHA committed an error of law[1] by upholding the penalty period imposed against Sherr and that the BHA's decision was unsupported by substantial evidence.[2]

---

1. This Court's scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law and whether the necessary findings are supported by substantial evidence. *Barr Street v. Department of Public Welfare*, 881 A.2d 1278, 1283 (Pa.Cmwlth. 2005) citing *Burch v. Department of Public Welfare*, 815 A.2d 1143, 1145 (Pa.Cmwlth. 2002).

2. Lancashire's statement of the questions involved includes:

1. Whether the Department of Public Welfare's BHA committed an error of law by denying Medical Assistance benefits to Charles Sherr for the requested period;

2. Whether the Department of Public Welfare's BHA committed an error of law by imposing a penalty period against Charles Sherr;

The Commonwealth of Pennsylvania participates in the Medicaid program. The Department of Public Welfare (Department) is the sole state agency authorized to administer Pennsylvania's Medical Assistance program according to the terms set forth in the Public Welfare Code.[3] Federal guidelines limit eligibility for LTC benefits to individuals who meet certain income criteria and cannot afford the cost of nursing home care. 42 U.S.C. § 1396a. The Deficit Reduction Act of 2005(DRA) requires that an LTC applicant and his spouse must disclose all annuities to the Department. 42 U.S.C. § 1396p(e)(1). The DRA specifically mandates that a state must be named as remainder beneficiary on any non-qualified annuity. 42 U.S.C. § 1396p(c)(1)(F). If the annuity fails to name the Department as remainder beneficiary the purchase of the annuity must be treated as a transfer of assets for less than FMV. 42 U.S.C. § 1396p(c)(1)(F). A transfer of assets for less than FMV results in an individual being ineligible for LTC benefits for a specified period of time. 42 U.S.C. § 1396p(c)(1)(E).

Federal requirements as set forth by the Department in 55 Pa.Code § 178.104a provides:

(h) Consistent with section 1917(c)(1)(F) and (G) of the Social Security Act, effective for an application made on or after March 3, 2007, the purchase of an annuity by an applicant or applicant's spouse on or after February 8, 2006, that does not meet all of the requirements, will be treated as a transfer of assets for less than FMV.

. . . .

(4) The annuity must name the Department as the remainder beneficiary in the first position for at least the total amount of medical assistance paid by the Department on behalf of the recipient.

■ On August 27, 2008, Mrs. Sherr purchased an annuity for $98,763.85 and did not designate the Commonwealth of PA as the remainder beneficiary. Therefore, the Lancaster County Assistance Office (CAO) properly imposed a 415 day penalty period of LTC benefit ineligibility because of the transfer of $98,763.85 of Sherr's resources for less than FMV.

However, Lancashire argues that given Sherr and Mrs. Sherr's estrangement and Sherr's incapacity, the CAO should have further investigated the annuity purchased by Mrs. Sherr.

■ In determining eligibility for LTC benefits, the combined resources of a married couple must be considered. 42 U.S.C. § 1396r–5(h)(1); 55 Pa.Code § 178.123(d). While the annuity was purchased using funds from an inheritance received by Mrs. Sherr, all of the couple's resources must be counted "regardless of any State laws relating to community property or the division of marital property." 42 U.S.C. § 1396r–5(c)(2). The Department's regulations provide that the "spousal share

---

3. Whether the Department of Public Welfare's BHA committed an error of law by finding that the inheritance of Charles Sherr's estranged wife was a resource available to Mr. Sherr;

4. Whether the Department of Public Welfare's BHA committed an error of law by failing to apply spousal refusal refusal provisions;

5. Whether the Department of Public Welfare's BHA committed an error of law by failing to require DPW to afford Charles Sherr an opportunity to assign any interest to support from his estranged spouse to the Commonwealth of Pennsylvania;

6. Whether the Department of Public Welfare's BHA's decision was supported by substantial evidence.

3. Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 1–101–27–2702.

determination is based on the total countable verified resources owned by the couple when the spouse was institutionalized. . . ." 55 Pa.Code § 178.123(b).

Congress enacted the Medicare Catastrophic Coverage Act (MCCA) to ensure that a "sufficient—but not excessive—amount of income and resources would be available to the community spouse." 42 U.S.C. § 1396r–5(c)(2)(B). One of the purposes of the MCCA is to ensure that states determine what assets can be preserved for the community spouse.

Federal law requires that the Department include the combined resources of the Sherrs regardless of whether the resources were available to Sherr. 42 U.S.C. § 1396r–5(c)(1) and (c)(2). Department regulations establish that the resources of the couple, regardless of availability to the institutionalized spouse, are considered a resource when determining the institutionalized spouse's eligibility for LTC benefits. *See* 55 Pa.Code § 178.91(a) and 55 Pa. Code § 178.123(b).

In furtherance of its goal, Congress established the Community Spouse Resource Allowance (CSRA). 42 U.S.C. § 1396r–5(f)(2)(A); *See* 55 Pa.Code §§ 178.123 and 178.124. The CSRA allows a community spouse to protect one-half of the couple's total resources (subject to a federally mandated minimum and maximum amount). 42 U.S.C. § 1396r–5(c)(2)(B).

This Court agrees with the DPW that the CAO had no greater duty to assist Sherr in establishing his eligibility for LTC benefits. Here, Mr. and Mrs. Sherr were "still legally married but were estranged. . .and living in separate parts of the house" before Sherr's admission to the nursing facility. Notes of Testimony (N.T.), August 5, 2009, at 21; Reproduced Record (R.R.) at 98a. The couple filed a joint tax return in 2007. Additionally, Sherr's pension checks were sent to Mrs.

Sherr's Post Office Box and cashed by her. N.T. at 18. Joyce Macek (Macek) of the CAO received a LTC application from Sherr on July 23, 2008. Macek testified that ". . .unless the couple is actually divorced, there are no provisions to exclude the spousal impoverishment regulations for an estranged spouse." N.T., 8/5/09, at 19; R.R. at 96a. Because the Sherrs were not divorced, the status of the distribution of their marital property was not relevant to the determination of what resources were available to Sherr in determining his eligibility for LTC benefits. Sherr and Mrs. Sherr were married and resided together in 2005 and 2006 when she received her inheritance. Therefore, her inheritance was considered a resource of the couple.

■ On June 13, 2008, Sherr was adjudicated an incapacitated person and Neighborhood Services was appointed the Plenary Guardian of the Person and Estate of Sherr. Lancashire contends that, given Sherr's incapacity, the CAO should have investigated the annuity and applied spousal refusal provisions, which would have resulted in a penalty period not being imposed and full benefits being granted. Neighborhood Services was appointed Sherr's court-appointed guardian. On behalf of Sherr, Neighborhood Services provided the CAO with adequate information to determine his eligibility for LTC benefits. The CAO had no duty to assist Sherr in obtaining verifications and properly determined that Sherr was not eligible for LTC benefits.

Lancashire asserts that the CAO failed to apprise Sherr of the possibility of assigning any interest he had in support from Mrs. Sherr to the Commonwealth. This Court has already determined that the CAO fulfilled its obligations.

Lancashire next argues that once the CAO found that Mrs. Sherr was refusing to support her husband, the CAO should have treated the annuity as unavailable under 55 Pa.Code § 178.4. As previously discussed, federal law requires that the Department of Public Welfare count the combined resources of the Sherrs regardless of whether those resources were actually made available to Sherr to determine his LTC eligibility.[4]

Finally, Lancashire contends that the BHA's decision was unsupported by substantial evidence because Sherr and Mrs. Sherr were estranged, Sherr was unable to access Mrs. Sherr's inheritance, and Mrs. Sherr purchased an annuity with the funds for her own benefit. In essence, Lanca-shire is summarizing its previous arguments and this Court has already determined that the BHA did not err.

Accordingly this Court affirms.

### *ORDER*

AND NOW, this 27th day of May, 2010, the order of the Department of Public Welfare, Bureau of Hearings and Appeals is affirmed.

---

4. 55 Pa.Code § 178.91(a) states:
   The deeming of resources is the assumption that the resources of an eligible person include the resources of the nonapplicant or ineligible spouse...living with the eligible person regardless of whether the resources are made available to him.