IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warner Ballard,                              :
             Petitioner          :
                                 :
           v.                    : No. 1580 C.D. 2016
                                 : Submitted:  May 19, 2017
Department of Human Services,                :
             Respondent          :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: June 12, 2017


        Warner Ballard (Ballard), a disabled veteran, by and through his legal guardian, Rozelia Ballard, petitions for review of the Bureau of Hearings and Appeals' (BHA) dismissal of his appeal due to his guardian's failure to appear at a scheduled hearing.  For the following reasons, we affirm.

        On May 21, 2015, Ballard's application for Medical Assistance (MA) was denied by the Philadelphia County Assistance Office (CAO) because his total gross unearned income of $3,781 ($636 per month in Social Security benefits and $3,145 in Veteran's Compensation benefits) exceeded the MA monthly program limit for a household of one, which at the time of the denial was $1,325.

On August 24, 2015, 95 days after the denial of his application, Ballard appealed asserting that he did not actually receive $3,781 in unearned income because "his fraudulently appointed fiduciary withholds over $1542 each month." (Record Item No. 2, Appeal Request dated 8/19/15.) 55 Pa. Code § 275.3(b)(1) provides that an applicant's appeal from a denial must be within "[t]hirty days from the date of written notice of a decision or action by a County Assistance Office, administering agency or service provider. . . ." After a hearing, the BHA Administrative Law Judge (ALJ) dismissed the appeal as untimely.

Ballard requested reconsideration, which was granted by the Secretary of the Department of Human Services (Department). The Secretary directed BHA to conduct a hearing on the merits of the case, and a hearing was scheduled for February 29, 2016. Ballard failed to appear and the appeal was dismissed as abandoned. *See* 55 Pa. Code § 275.4(e)(6)(iii)(A).

While he was requesting reconsideration from the Secretary, Ballard concurrently petitioned this Court for review[1] for the same reasons that he alleged in his August 24, 2015 appeal. The Department filed a motion to remand the matter to BHA for a new hearing on the merits, and we granted that motion.

BHA then scheduled a hearing for August 3, 2016, at 9:00 a.m. Ballard's representative arrived at 9:07 a.m. but did not sign in until 9:12 a.m., at which time she was told that the ALJ had already left the building. Once again,

---

[1] That case was docketed at *Ballard v. Department of Human Services*, 146 C.D. 2016.

BHA dismissed the appeal due to abandonment. Ballard failed to petition to reschedule the hearing on grounds that he had good cause for being late for the hearing. Ballard then appealed to this Court for review. While Ballard's brief to this Court mentions that the appeal was untimely, he offers no good cause explanation why he or his representative was late for the hearing.[2]

The sole issue in this case is whether the appeal was properly dismissed for abandonment due to Ballard's representative failing to appear at the time the hearing was scheduled on August 3, 2016. Under 55 Pa. Code § 275.4(e)(6)(iii)(A), "[i]f the appellant or his representative fails to appear at the scheduled hearing without **good cause** as determined by the hearing officer, the appeal will be considered to be abandoned and will be dismissed." (Emphasis added.)

In his brief, Ballard makes arguments as to why he should be granted MA benefits but does not mention that the dismissal of the appeal was for his failure to timely appear at the scheduled hearing on August 3, 2016. From that, it follows that Ballard does not make any argument that he had good cause to be late for the hearing. Because he did not address why it was improper for BHA to dismiss the appeal or that he had good cause to be late, the issue has been waived. *See Wicker v. Civil Service Commission*, 460 A.2d 407, 408 (Pa. Cmwlth. 1983) (holding issues not briefed will not be considered by the court).

---

[2] Our scope of review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated. *Lancashire Hall Nursing & Rehabilitation Center v. Department of Public Welfare*, 995 A.2d 540, 542 (Pa. Cmwlth. 2010).

3

Accordingly, the order of the BHA is affirmed.


_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warner Ballard,                                    :
        Petitioner                      :
                           :
        v.                              : No. 1580 C.D. 2016
                           :
Department of Human Services,                      :
        Respondent                      :

# **O R D E R**

AND NOW, this 12<u>th</u> day of <u>June</u>, 2017, the order of the Bureau of Hearings and Appeals dated August 16, 2016, in the above-captioned matter is affirmed.

                                _____
                                DAN PELLEGRINI, Senior Judge