# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Burda, | : | |
| Petitioner | : | |
| | : | No. 864 C.D. 2023 |
| v. | : | |
| | : | Submitted: December 9, 2024 |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                         **FILED: March 12, 2025**

Steven Burda (Petitioner), *pro se*, has petitioned this Court to review an order issued by the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA) on June 7, 2023.  In its order, BHA affirmed an adjudication by the Administrative Law Judge (ALJ) related to the overissuance (OI) of Supplemental Nutrition Assistance Program (SNAP) benefits to Petitioner between June 1, 2015, and December 31, 2015 (Benefit Period).  In this appeal, Petitioner challenges the Department's underlying determination that Petitioner was ineligible for SNAP benefits during the Benefit Period.  Upon review, we affirm.

# I. BACKGROUND[1]

In May 2015, Petitioner applied for SNAP benefits for himself, his spouse (Spouse), and their three children. Initially, the Department determined that Petitioner's household would be eligible for SNAP benefits beginning June 1, 2015, and authorized a monthly allotment of $450 based on Petitioner's unemployment compensation (UC) of $2,324 per month, which he began receiving in June 2015.

However, the Department later learned that Petitioner was ineligible for SNAP benefits. The Department had relied on Petitioner's UC benefits to determine eligibility and allotment, as Petitioner indicated on his application that Spouse's maternity leave began two weeks prior and that she would not earn income while on leave. Spouse, however, continuously received wages throughout the Benefit Period, with no break in income for maternity leave.[2] Petitioner did not report this income.

Petitioner's benefits were discontinued, and, in January 2016, after receiving electronic information regarding Spouse's wages in 2015, the Department initiated an OI claim investigation. Eventually, on January 14, 2022, the Department notified Petitioner that it had calculated a $3,160 OI claim for the Benefit Period, and proposed repayment of the OI amount.[3] The notice sent by the Department

---

[1] Unless stated otherwise, we adopt the factual background for this case from the ALJ's Adjudication, which is supported by substantial evidence of record. *See* Order & Adjudication, 5/24/23.

[2] Spouse's monthly earned income from June 2015 through December 2015 was as follows: June 2015: $3,720 wages; July 2015: $2,400 wages; August 2015: $3,858 wages; September 2015: $4,299 wages; October 2015: $3,835 wages; November 2015: $3,834 wages; and December 2015: $4,178 wages. Spouse also received a $2,000 bonus from her employer in June 2015 and December 2015.

[3] The Department was delayed in completing its investigation because there were multiple, ongoing proceedings related to Petitioner's benefits in the Benefit Period and other periods before various tribunals.

indicated that the overpayment occurred because Spouse's wages were not included in the household's reported income, classifying the overpayment as an inadvertent household error (IHE). Petitioner timely appealed the notice.

On June 14, 2022, a hearing commenced before the ALJ. Petitioner maintained that he had accurately reported Spouse's income and that the Department should be responsible for any mistakes in calculating SNAP benefits. However, the Department introduced evidence documenting Spouse's income, notwithstanding Petitioner's statements to the contrary, and quantifying the overpayment. Specifically, the Department established that Petitioner's gross household income was greater than the SNAP program eligibility limits for a household of five.[4]

Accordingly, the ALJ denied Petitioner's appeal. Thereafter, BHA affirmed the ALJ's adjudication. Petitioner then timely petitioned this Court for further review.[5]

## II. ISSUE

Petitioner has identified six issues but essentially claims that BHA failed to consider and properly review all relevant evidence when it determined that Petitioner was ineligible for SNAP benefits during the Benefit Period. *See* Pet'r's Br. at 6-7.[6]

---

[4] To be eligible for SNAP benefits, a household's gross income cannot exceed 130% of the federal income poverty levels for the 48 contiguous states and the District of Columbia. *See* 7 C.F.R. § 273.9. SNAP regulations allow consideration of net income or a combination of gross and net income in specific circumstances, which do not apply to Petitioner's household. *See id.*

[5] Contemporaneously, Petitioner also sought reconsideration with the Department, which was denied on July 7, 2023. *See* Dep't Order 7/7/23.

[6] Petitioner also asserts a violation of due process. *See* Pet'r's Br. at 5. However, Petitioner does not develop this bald assertion in any meaningful way, *see id.* at 10-16; thus, we decline to address it. *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) (finding that when issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue); Pa.R.A.P. 2119(a).

### III. DISCUSSION[7]

Petitioner asserts that an "incomplete and inaccurate 'customized' record was selective[ly] compiled by BHA in its own self-serving fashion in order to deny [Petitioner] the [SNAP] benefits" for the Benefit Period. *Id.* at 10. In support of this assertion, Petitioner offers neither discernible legal argument nor evidence of record, but he suggests that BHA ignored supporting documentation submitted by him via fax and mail. *See id.* at 10-16. Petitioner also directs our attention to successful appeals in which Petitioner was permitted to retain medical assistance benefits and SNAP benefits for other benefit periods. *See id.*

The Department substantively responds that it must collect on the OI claim for the Benefit Period because Petitioner's household was ineligible for SNAP benefits.[8] Resp't's Br. at 7. In addition, the Department argues that Petitioner's claim that this Court should rule in his favor because his appeal regarding medical assistance was sustained is irrelevant and meritless because SNAP OI and medical assistance OI are governed by different statutes and regulations with their own

---

[7] This Court's review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law, and whether the necessary findings are supported by substantial evidence. *See* 2 Pa.C.S. § 704; *Lutheran Home at Kane v. Dep't of Hum. Servs.*, 318 A.3d 164, 177 n.14 (Pa. Cmwlth. 2024); *Lancashire Hall Nursing & Rehab. Ctr. v. Dep't of Pub. Welfare*, 995 A.2d 540, 542 n.1 (Pa. Cmwlth. 2010).

[8] The Department also asserts that Petitioner's attempt to dispute household income calculations is barred by collateral estoppel/res judicata. Resp't's Br. at 8-9. However, this argument is not persuasive. We agree that Petitioner has challenged the Department's calculations previously. *See Burda v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 162 C.D. 2018, filed Dec. 17, 2019). However, in that case, the issue was whether Petitioner's household income for the single month of December 2015 established Petitioner's ineligibility for SNAP benefits prospectively. Accordingly, the County Assistance Office used the household's December 2015 income to calculate SNAP eligibility. *Id.*

Thus, for the instant matter, the arguments that were previously raised before this Court do not squarely dispose of Petitioner's argument that his household was entitled to SNAP benefits from June 1, 2015, through December 31, 2015, and that the Department miscalculated his household's income during that period.

respective requirements.[9]  *Id.*  at 9.  Additionally, the Department argues that Petitioner's reliance on his successful appeal of a 2014 SNAP OI claim is irrelevant because that appeal is not part of the record presently before this Court.  *Id.*

Upon our review, we find that BHA did not err in affirming the ALJ's adjudication because Petitioner's household was ineligible for benefits and the Department established an OI claim.  Federal regulation requires that states collect on all SNAP OI claims.[10]  7 C.F.R. § 273.18(a)(2).  An OI is statutorily defined as the amount by which benefits issued to a household exceeds the amount it was eligible to receive.  7 C.F.R. § 271.2; *see also* 7 C.F.R. § 273.18(a)(1) (establishing that an OI claim occurs when benefits are overpaid to a household).  A household's SNAP eligibility is based on its size and whether its gross monthly income is *below* 130% of the annual income poverty guidelines divided by 12.  7 C.F.R. § 273.9(a).  On October 1, 2015, the monthly gross income limit for a five-person household increased from $3,024 to $3,078, pursuant to 7 C.F.R. § 273.9(a)(3).

Here, the monthly gross income for Petitioner's household of five exceeded $3,024 from June 2015 through September 2015,[11] and it exceeded $3,078 from October 2015 through December 2015.[12]  As the ALJ noted, Spouse's income

---

[9] The Department also asserts that overpayments of medical assistance cannot be collected unless fraud exists, referencing federal guidance from the Centers for Medicare and Medicaid Services (CMS) that advises states not to collect medical assistance recipient overpayments unless fraud exists, but did not provide a citation to the document.  Resp't's Br. at 9-10.  The Department further notes that "there has been a finding of household error but no finding of fraud in this case." *Id.* at 10.

[10] A limited exception applies when there is a pre-establishment cost effectiveness determination issued by a State agency.  7 C.F.R. § 273.18(e)(2).

[11] Petitioner's gross monthly household income from June 2015 through September 2015 was as follows: June 2015 - $7,044; July 2015 - $4,724; August 2015 - $6,182; and September 2015 - $6,623.

[12] Petitioner's gross monthly household income from October 2015 through December 2015 was as follows: October 2015 - $4,997; November 2015 - $6,158; and December 2015 - $8,502.

5

alone during the Benefit Period, with the exception of July 2015, rendered Petitioner's household ineligible for SNAP benefits. *See* Adjudication, 6/7/23 at 24. Accordingly, Petitioner's household was not eligible for the $3,160 in SNAP benefits received during the Benefit Period; thereby, the Department properly issued an OI claim. *See* 7 C.F.R. § 273.18(a)(2).

Petitioner disputes this, claiming that the ALJ and Department failed to consider evidence of deductions to his household's income that would establish its eligibility for benefits. However, there is no evidence in the record supporting his assertions. Even if such evidence existed, his claim is meritless. SNAP eligibility is based on gross income; therefore, granting the deductions requested by Petitioner would violate SNAP regulations. *See* 7 C.F.R. § 273.9.

Lastly, Petitioner improperly relies on previous successful appeals regarding eligibility for SNAP and medical assistance benefits to support his argument for eligibility during the Benefit Period. When reviewing decisions by a Commonwealth agency, this Court may only consider facts found in a record certified by the respective agency. *See* 2 Pa.C.S. § 704. The certified record for the instant appeal does not present facts from Petitioner's previous appeals, which are, therefore, beyond this Court's scope of review. Moreover, SNAP and medical assistance benefits are regulated by separate statutes with different requirements for eligibility. *See* 7 C.F.R. § 273.9; *see generally* 42 C.F.R. § 435.3 (describing the basis for medical assistance eligibility). Thus, reliance on successful appeals regarding eligibility for medical assistance benefits is misguided.

Consequentially, Petitioner's appeal is without merit.

## IV. CONCLUSION

6

In light of the foregoing, we discern no legal error in the Department's order, entered June 7, 2023, which affirmed the adjudication of the ALJ. Simply, substantial evidence supports the Department's OI claim for $3,160 in SNAP benefits issued to Petitioner during the Benefit Period, and those benefits must be repaid. Thus, we affirm.

 

_____

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Burda, :
          Petitioner :
           : No. 864 C.D. 2023
          v. :
           :
Department of Human Services, :
          Respondent :

# **O R D E R**

AND NOW, this 12th day of March, 2025, the order issued by the Department of Human Services on June 7, 2023, is AFFIRMED.

 

_____

**LORI A. DUMAS, Judge**