# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Burda,                                                :
              Petitioner                           :
                                   :   No. 865 C.D. 2023
            v.                                              :
                                   :   Submitted: June 3, 2025
Department of Human Services,                :
              Respondent                      :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE STACY WALLACE, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                           **FILED:  July 11, 2025**


Steven Burda (Petitioner), *pro se*, has petitioned this Court to review an order issued by Department of Human Services, (Department) Bureau of Hearings and Appeals (BHA) on June 12, 2023.  In its order, BHA affirmed an adjudication by the Administrative Law Judge (ALJ) related to the overissuance (OI) of Supplemental Nutrition Assistance Program (SNAP)[1] benefits to Petitioner's household between May 1, 2016, and November 30, 2017 (Benefit Period).  Importantly, the Department issued these specific benefits during the pendency of Petitioner's several challenges to *prior* adjudications finding him ineligible for SNAP benefits.  Ultimately, Petitioner's challenges were unsuccessful, and these

---

[1] SNAP benefits were formerly known as Food Stamps.  *See Stern v. Dep't of Pub. Welfare*, 49 A.3d 26, 27 n.1 (Pa. Cmwlth. 2012); 7 U.S.C. §§ 2011-2036d.

prior adjudications were affirmed by this Court. Accordingly, because Petitioner's ineligibility has been settled, we affirm.

## I. BACKGROUND[2]

In May 2015, Petitioner applied for SNAP benefits for himself, his wife, and his three children. Initially, the Department determined that Petitioner was eligible for these benefits. However, following an investigation, the Department learned that Petitioner and his family were ineligible because his household's income exceeded the statutory limit. Therefore, in December 2015, the Department notified Petitioner that these benefits would be discontinued.

Petitioner timely appealed. During the pendency of his appeal, Petitioner and his family continued to receive SNAP benefits.[3] Ultimately, in January 2018, BHA denied Petitioner's appeal.[4] In December 2019, this Court affirmed.[5] In October 2022, the Department notified Petitioner that it had calculated an $8,645 OI claim for the Benefit Period and proposed repayment of the OI amount.[6] Petitioner timely appealed this notice.

---

[2] Unless stated otherwise, we adopt the factual background for this case from the ALJ's Adjudication, which is supported by substantial evidence of record. *See* Order & Adjudication, 5/25/23.

[3] Absent an express waiver, the County Assistance Office will continue to provide benefits, pending a final decision by the Department. *See* 55 Pa. Code § 275.4(a)(3)(v)(C)(II).

[4] The January 2018 adjudication was the third to address Petitioner's ineligibility for SNAP benefits. *See* Adjudication, 5/25/23, at 3. BHA first reviewed and denied Petitioner's appeal on May 3, 2016. *Id.* Upon review, this Court remanded for further proceedings and the issuance of a new adjudication. *See Burda v. Dep't of Hum. Servs.* (Pa. Cmwlth. No. 917 C.D. 2016, filed May 11, 2017 (*Burda I*)). Upon remand, BHA issued a second adjudication but then granted Petitioner's request for reconsideration, reopened the record to allow Petitioner additional evidence, and issued a third adjudication denying his appeal. *See* Adjudication, 5/25/23, at 4.

[5] *See Burda v. Dep't of Hum. Servs.* (Pa. Cmwlth. No. 162 C.D. 2018, filed Dec. 17, 2019) (*Burda II*).

[6] *See* Dep't's OI Notice, 10/6/22. This document can be found in the record certified to this Court at Ex. C-16, which is located at R. 134. Claimant received a monthly allotment of $455 for

In March 2023, a hearing commenced before the ALJ. Petitioner maintained his eligibility for benefits during the Benefit Period and suggested that the Department had not reviewed the evidence that established his eligibility.[7] Additionally, while Petitioner suggested that he had never explicitly asked that his benefits continue during his appeal, he nonetheless conceded that he had not waived those benefits.[8] For its part, the Department documented the relevant payments issued and clarified that a claimant's income is not considered in calculations for benefits received during an unsuccessful appeals process.

Thereafter, the ALJ denied Petitioner's appeal. First, finding that Petitioner had not disputed or waived the continuation of benefits, the ALJ concluded that the Department properly continued those benefits during Petitioner's appeal process. Second, per the ALJ, once this Court affirmed Petitioner's ineligibility, the Department was required to issue and collect the OI claim. Finally, the ALJ credited the Department's documentation, concluding that the $8,645 OI claim was correct.

Again, Petitioner appealed, and BHA affirmed. Petitioner then timely petitioned this Court for further review.[9]

---

19 months, which amounts to $8,645. Dep't's Computation Sheet, 9/15/22 (documenting that the Department issued $8,645.00 in SNAP benefits during the Benefit Period).

[7] Claimant explained: "[W]hen the appeal was pending, I was able to receive those benefits because of the income qualification . . . I was receiving those benefits fairly and was entitled to them. . . . The mistake had been done by the Montgomery County, . . . it wasn't my mistake." *See* Hr'g Tr., 3/28/23, at 34-35.

[8] Claimant testified, "No, I did not ask. I just showed all my data, all my information, and I assumed they have reviewed it and reopened the benefits based on this reason." *See* Hr'g Tr., 3/28/23, at 61.

[9] Contemporaneously, Petitioner also sought reconsideration with the Department, which was denied on July 7, 2023. *See* Dep't Order, 7/7/23.

## II. ISSUE

Petitioner has identified six issues but essentially claims that BHA failed to consider and properly review all relevant evidence when it determined that the Department established an $8,645 OI claim for the Benefit Period.[10]  *See* Pet'r's Br. at 6-7.

## III. DISCUSSION[11]

SNAP is a "joint undertaking of the federal and state governments under which the participating states agree to administer the program in conformity with the provisions of the program and any regulations issued pursuant to the program." *Lyons v. Dep't of Pub. Welfare* (Pa. Cmwlth. No. 2045 C.D. 2013, filed Sept. 25, 2014), slip op. at 3, 2014 WL 4782960 at *1 (quoting *Ishler v. Dep't of*

---

[10] The issues identified by Petitioner do not meaningfully address whether the Department properly issued an OI claim for the Benefit Period.  *See* Pet'r's Br. at 6-7.  Petitioner has not identified the Benefit Period, nor has he offered relevant arguments targeting BHA's adjudication. *See id.* at 9-17.  Rather, Petitioner's arguments are nearly identical to those proffered in his prior appeals, which concerned earlier adjudications and challenged the Department's determination that Petitioner was ineligible for SNAP benefits.  *Compare, e.g.*, Pet'r's Br. at 9-17, *with* Pet'r's Br. at 9-17, filed 2/12/24 (*Burda v. Dep't of Hum. Servs.* (Pa. Cmwlth. No. 864 C.D. 2023) (*Burda III*)).  To be clear, Petitioner's ineligibility is settled.  *See generally Burda II*.  Further, we caution Petitioner that his failure to develop relevant arguments risks waiver.  *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) (finding that when issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue.); Pa.R.A.P. 2119(a).  Presently, we decline to address Petitioner's arguments that are simply irrelevant.  *See, e.g.*, Pet'r's Br. at 10 (criticizing BHA for its purported failure to consider all the evidence available when concluding that Petitioner was ineligible for SNAP benefits).  Nevertheless, we will review BHA's order to the extent we infer a challenge to the Department's OI claim.

[11] This Court may review whether constitutional rights were violated, whether the adjudication is in accordance with law and whether the necessary findings are supported by substantial evidence.  *See* 2 Pa.C.S. § 704; *Lancashire Hall Nursing & Rehab. Ctr. v. Dep't of Pub. Welfare*, 995 A.2d 540, 542 (Pa. Cmwlth. 2010); *Barr St. Corp. v. Dep't of Pub. Welfare,* 881 A.2d 1278, 1283 (Pa. Cmwlth. 2005).

*Pub. Welfare*, 518 A.2d 596, 597 (Pa. Cmwlth. 1986) (cleaned up); 7 U.S.C. §§ 2011–2036d; 7 C.F.R. § 272.2.[12]

If a claimant challenges a SNAP ineligibility determination issued by the Department, SNAP benefits "will be authorized or continued" upon the claimant filing an appeal. *See* 55 Pa. Code § 275.4(a)(3)(v)(D). Households may waive this continuation of benefits. *See* 55 Pa. Code § 275.4(a)(3)(v)(C)(II). However, absent an express waiver, "the [Department] shall assume that continuation of benefits is desired and the benefits shall be issued accordingly." *See* 7 C.F.R. § 273.15(k)(1).

An OI is statutorily defined as the amount by which benefits issued to a household exceed the amount it was eligible to receive. 7 C.F.R. § 271.2; *see also* 7 C.F.R. § 273.18(a)(1) (establishing that an OI claim occurs when benefits are overpaid to a household). If a claimant's appeal is ultimately unsuccessful, "[an OI] claim against the household *shall be established . . . .*" *See id.* (emphasis added). The Department must collect on all SNAP OI claims.[13] 7 C.F.R. § 273.18(a)(2).

Here, the relevant facts are undisputed and indisputable. The Department determined that Petitioner was ineligible to receive SNAP benefits, Petitioner appealed that determination, and, ultimately, this Court affirmed. *See Burda II*, slip op. at 1, 19, 2019 WL 6873638 at *1, *9. During the pendency of Petitioner's appeal, the Department continued to issue SNAP benefits to Petitioner and his household. *See* Hr'g Tr., 3/28/23, at 61 (Petitioner conceding that he continued receiving benefits and never waived his benefits pending the appeal);

---

[12] *Lyons* is an unreported opinion of this Court. Per our Internal Operating Procedures, a party may cite this Court's unreported memorandum opinions issued after January 15, 2008, for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[13] In limited circumstances not relevant here, the Department "may opt not to establish and subsequently collect an overpayment that is not cost effective." 7 C.F.R. § 273.18(e)(2).

Dep't's Computation Sheet, 9/15/22 (documenting that the Department issued $8,645.00 in SNAP benefits during the Benefit Period). Therefore, in accordance with state and federal regulations, the Department calculated the benefits overissued to Petitioner during the Benefit Period and properly issued an OI claim, which the Department must now collect. *See Lyons*, slip op. at 3, 2014 WL 4782960 at \*1; 7 C.F.R. §§ 271.2, 273.18(a)(1), (2).

Accordingly, we affirm.

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Burda,                                          :
                    Petitioner                         :
                                                       :     No. 865 C.D. 2023
                    v.                                 :
                                                       :
Department of Human Services,                          :
                    Respondent                         :

# **O R D E R**

AND NOW, this 11th day of July, 2025, the order issued by Department of Human Services on June 12, 2023, is AFFIRMED.


 **LORI A. DUMAS, Judge**